UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stanley B. Doremus,   Case No. 3:14-cv-1198

        Plaintiff

       v.   MEMORANDUM OPINION
            AND ORDER
Toledo Police Dept, et al.,

        Defendants

      Plaintiff *pro se* Stanley B. Doremus brings this *in forma pauperis* 42 U.S.C. § 1983 action against the following Defendants: Toledo Police Department, Michael Navarre, Officer Hanus, Officer Smith, James Telb, Lucas County Sheriff's Department, Lucas County Corrections Center, City of Toledo, Lucas County, Toledo/Lucas County Judges, Toledo/Lucas County Prosecutors, Attorneys, State of Ohio, U.S. Department of Justice, Lucas County Common Pleas Court, and Toledo Municipal Court. While the Complaint is unclear, Plaintiff alleges he has been unable to obtain information sought from many of the defendants pursuant to subpoena and Freedom of Information Act requests. He further alleges he was falsely arrested, assaulted, and imprisoned in both 2006 and 2007. Plaintiff believes his arrests and prosecution were the result of "corruptive/collaborative/collusive behaviors." (Doc. No. 1 at 2). He seeks monetary relief.

      Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to

state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

To the extent Plaintiff seeks to attack his criminal convictions, his federal remedy must be, if at all, in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, the two-year statute of limitations for bringing a § 1983 action against Defendants has long expired. *See Browning v. Pendleton*, 869 F. 2d 989 (6th Cir. 1989). Therefore, even if Plaintiff had otherwise stated a valid claim, there would be no purpose in allowing this matter to go forward, in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia Cnty.*, 166 F.3d 1213, at *1 (6th Cir. 1998) (unpublished table decision) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. 1998) (unpublished table decision), *cert. denied*, 525 U.S. 857 (1998) (*sua sponte* dismissal appropriate where claim barred by statute of limitations).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

In sum, even construing the Complaint liberally, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain sufficient allegations to reasonably suggest Plaintiff might have a valid federal claim against these Defendants. *See Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, this action is dismissed under section 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

    s/Jeffrey J. Helmick
United States District Judge